IN RE PETITION FOR THE ADOPTION OF MARTIN ALLEN LEVIN.

*New Castle, December 6, 1944.*

*Samuel F. Keil,* for petitioners Isadore Schagrin and Nettie Schagrin, his wife.

*Henry R. Isaacs,* for respondent Robert F. Levin.

SPEAKMAN, Judge:

The Statute (3550 of the *Code of* 1935, as amended by *Chap.* 207, *Vol.* 43) provides that

"* * * a husband and wife residents of this State (if not legally separated) jointly, may petition the Orphans' Court of the county in which the * * * petitioners reside for an order authorizing the * * * petitioners to adopt a minor child * * * not theirs by birth * * *. A written consent, duly acknowledged, must be given * * * by each of his or her known living parents who is not hopelessly insane or otherwise incapacitated from giving such consent, or is not habitually addicted to the use of drugs or intoxicating liquors, or who has not abandoned such child * * *, or has not lost custody of the child * * * to the order of a court; * * *."

It is the contention of the father of the child that the fact that the custody of a child was awarded to the mother in a divorce proceeding is not such a loss of custody of the child to the order of a court as is contemplated by our adoption statute.

It is not necessary to consider this contention in this case because under the statute (3551 of the 1935 *Code,* as *amended by Chap.* 187, *Vol.* 41), before the court has the jurisdiction to sign an order of adoption the court must be, in the language of the statute, "satisfied at a hearing at which all interested persons may be present or represented, that the natural parents * * *have just cause for desiring to be relieved of the care, support * * * of said child, or have abandoned the child, or are morally unfit to retain the custody."

Where a statute, such as ours, requires the court, in the exercise of its jurisdiction to find as a fact that the parents of a minor child are morally unfit to retain its custody, such fact cannot be established by the mere production of a divorce decree entered in a proceeding between

the parents in a foreign jurisdiction, by which it appears that the court awarded the custody of the child to one of the parents.

At the hearing both of the petitioners, the respondent and their respective counsel were present. Because the father refused to give his consent to the proposed adoption, under the statute, it became necessary for the petitioners to introduce evidence to meet the above jurisdictional requirements of the statute. This they failed to do, and for that reason the petition will be dismissed.